UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAMIR AYOUB EL-BEY,[1]<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTERNAL REVENUE SERVICE, UNITED STATES, and PHILIP A. TALBERT,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01314-HBK<br><br>ORDER TO CLERK TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION<br><br>(Doc. No. 1)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Aamir Ayoub El-Bey is proceeding pro se in this civil action against Defendants Internal Revenue Service, the United States, and Philip A. Talbert filed on October 28, 2024. (Doc. No. 1, "Complaint"). Plaintiff paid the filing fee. *See* docket. Upon review of the Complaint, the undersigned finds the allegations in the Complaint appear to be implausible, baseless, and frivolous, and do not establish any basis for the Court's subject matter jurisdiction. The undersigned therefore recommends the District Court dismiss Plaintiff's pro se Complaint without leave to amend.

---

[1] Plaintiff also refers to himself as "Collins, Marvin Charo." (Doc. No. 1 at 1). Plaintiff has filed at least two other actions under the name Marvin Charo Collins or Collins Charo Capital, LLC. *See* Case Nos. 1:24-cv-01309-JLT-EPG and 1:24-cv-1313-JLT-EPG. The Court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1

**APPLICABLE LAW**

A district court has the inherent authority to dismiss frivolous actions. *Damjanovic v. Ambrose*, 991 F.2d 803 (9th Cir. 1993) (citing *Sparling v. Hoffman Constr. Co*., 864 F.2d 635, 638 (9th Cir. 1988)). "Where a complaint is "obviously frivolous" the district court may dismiss the complaint, even if the plaintiff has paid the filing fee." *Wallace v. Lynch*, 2021 WL 2016620, at *1 (E.D. Cal. May 20, 2021) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984)); *see also Fitzgerald v. First East Seventh Street Tenants Corp*., 221 F.3d 362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances."). This authority extends to suits that lack "an arguable basis either in law or fact." *Baldhosky v. California*, 2018 WL 1407103, at *3 (E.D. Cal. Mar. 21, 2018) (citation omitted).

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**ALLEGATIONS IN OPERATIVE PLEADING**

Plaintiff's Complaint identifies three defendants: (1) the Internal Revenue Service; (2) the United States; and (3) United States Attorney for the Eastern District of California Phillip A. Talbert. (Doc. No. 1 at 2). Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "diversity of citizenship." (*Id*. at 3). Under the Diversity of Citizenship section, Plaintiff identifies himself as a citizen of California, Defendant Talbert as a citizen of California, and Defendant United States as incorporated under the laws of the state of "Flordia [sic]" and the

foreign nation of "District of Columbia." (*Id*. at 4).  Plaintiff states the dollar amount in controversy is $2,241,697.41. (*Id*.).

Under "What are the facts underlying your claim(s)?" Plaintiff writes:

> The Internal Revenue Service know as IRS is not Constitutionally sanctioned Unite States Repulic goverment agency, the IRS is an agency of the International Monetary Fund, ref. to DIVERSIFIED METAL PRODUCTS v T-BOW COMPANY TRUST, INTERNAL REVENUE SERVICE and STEVE MORGAN Case No CV 93-0405-E-BLW

(*Id*. at 6) (unedited text).  Under the section of the complaint form titled Irreparable Injury, Plaintiff writes:

> I have been injured by the Internal Revenue Service, for make false claims of fraud in wrongful or criminal deception intended to result in finacial or personal gains.  I Aamir Ayoub El-Bey livigin sentant man, doing business as MARVIN C COLLINS is exempt from taxation under 1131 USC Subsection 3124.  U.S. Federal Corporation is bankrupt. ref to. HJR 192, June 5, 1933.  Result of the injuries and damage would led to Misprision of Treason, which would lead unmeasurable damages.

(*Id*.) (unedited texted).

Under the section of the form Complaint to specify the relief being sought, Plaintiff states:

> In the name of Allah the beneficence, the merciful Now I, Aamir Ayoub El-Bey the living sentient man rightful heir am not lost at sea and I affim and declare my right of Reversion of Estate and therefore I make no claim with respect to the title and misrepresented name man of straw and Nom De Guerre being a title, and the spurous creations of the foreig de facto United State Corporation operators, actors, and owers.  I surrender and assign all Reversionary intest to the foreign settlement and closure of my reliance on Title 12 Unite State Code 95a part2, I assume no liabilities or debts, however contribed among the associates and I do not consent to stand as Surety for the foreign private and for profit Unitd States Incorporated, U.S. Corporation companies, entities, owners, [illegible or their administrators, nor do I stand as Surety at any point or moment in Time.  Relief includes punitive and injunction rel[ief].

(*Id*.) (unedited text).  Under the section of the Complaint asking "Where did the events giving rise to your claim(s) occur?" Plaintiff states:

> Via notice through U.S. mail from the Internal Revenue Service dated July 15, 2024 "CPII" was changed the amount claimed as

3

> federal income tax withheld on the tax return reflect the amounts shown of 1099 and supporting documents was removed, cause a loss of over $2,000,000.

(*Id*. at 4) (unedited text).

## ANALYSIS

### A. Plaintiff's Claims are Frivolous

As previously noted, even though Plaintiff has paid the filing fee, the Court may dismiss the case if the action is frivolous or malicious. *See Ireland v. Buffet*, 2023 WL 2938377 (E.D. Cal. Apr. 13, 2023) (collecting cases). The Court lacks subject matter jurisdiction over frivolous cases. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy."); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); *see also Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional"). *Id*. at 327; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (discussing *Neitzke*, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"); Fed. R. Civ. P. 12(h)(3). "[T]he frivolousness determination is a discretionary one" for the court. *Denton*, 504 U.S. at 33.

To the extent discernible, the Complaint asserts that Plaintiff is exempt from the taxation authority of the Internal Revenue Service, which he contends is an illegitimate government body, and challenges the legitimacy of "fraud" actions by the Internal Revenue Service and the U.S.

4

Attorney. (*Id*. at 4-5). Plaintiff asserts the IRS "is not constitutionally sanctioned" and "is an agency of the International Monetary Fund." (*Id*. at 6). Plaintiff "claims [his] right of Reversion of Estate . . . and make[s] no claim with respect to the title and misrepesented [sic] name, man of straw, and Nom de Guerre . . ." (*Id*.). Although Plaintiff does not explicitly profess to be a sovereign citizen, his Complaint is "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *See Sealey v. Branch Banking and Tr. Co.*, 2019 WL 1434065, at *2 (M.D. Ala. 2019).

"While many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle is the belief that, even though they physically reside in this country, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Caetano v. Internal Revenue Serv.*, 2023 WL 3319158, at *2 (E.D. Cal. May 9, 2023), report and recommendation adopted, 2023 WL 4087634 (E.D. Cal. June 20, 2023). The Ninth Circuit has rejected arguments premised on sovereign citizen ideology as "utterly meritless" and numerous courts have summarily rejected claims based on sovereign citizen conspiracy theories. *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *see also U.S. v. Ward*, 182 F.3d 930, at *2 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument") (collecting cases); *U.S. v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (discussing sovereign citizen arguments as "frivolous, irrational, or unintelligible," having no validity in country's legal system and recommending that they be "rejected summarily, however they are presented" and regardless of the individual's claimed status of descent, "be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being' ") (collecting cases); *see also U.S. v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (commenting that "advancement of such utterly meritless [sovereign citizen] arguments is now the basis for serious sanctions imposed on civil litigants who raise them."). Consequently, Plaintiff's claims based on this frivolous legal theory must be dismissed.

**B.  Subject Matter Jurisdiction**

Further, "[c]ourts have an independent obligation to determine whether subject-matter

1 jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (internal quotations and citations omitted). If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff invokes diversity jurisdiction. (Doc. No. 1 at 3). Jurisdiction founded on 28 U.S.C. § 1332 requires the parties be in complete diversity and the amount in controversy exceed $75,000. Here, the Complaint alleges an amount in controversy well over the $75,000 threshold. (Doc. No. 1 at 4). However, the Complaint indicates that both Plaintiff and Defendant Talbert are citizens of California, thus the parties are not completely diverse. (*Id*. at 3).

Turning to federal question jurisdiction, a federal question is presented in an action when the claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While Plaintiff refers to several sections of the United States Code, the Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under any of those provisions. Fed. R. Civ. P. 8(a). The Complaint is cryptic and without coherent factual allegations. On that basis alone the Complaint may be dismissed.

Moreover, one provision cited in Plaintiff's Complaint, Title 12 U.S.C. 95(a), "is no longer valid." *United States v. McLaughlin*, 2018 WL 4854624, at *14 (D. Conn. Oct. 5. 2018); *see also Schlabach v. United States*, 2019 WL 1338402 at *7 (D. Wash. Mar. 25, 2019) ("[T]his statute no longer exists and otherwise does not apply in this context"); *Taylor v. United States*, 2018 WL 4304158 at *4–5 (E.D. Mich. Sept. 10, 2018).

The Complaint also cites HJR-192,[2] but does not allege any facts establishing the relevance of this nearly 100-year-old house resolution to Plaintiff's claim. (Doc. No. 1 at 6). Nor does the Complaint allege facts establishing the relevance of Title 31 U.S.C. § 3124, a provision of the United States code cited in the Complaint providing for a tax exemption from state and local taxes on "stocks and obligation of the United States Government." (*Id*.). And the Complaint does not cite any authority suggesting there exists a private right of action under any of the federal provisions referenced.

Thus, because Plaintiff has no private cause of action under the federal statutes cited in the Complaint, nor does he allege coherent facts suggesting their relevance to any claim, Plaintiff's claims premised on federal jurisdiction fail. The Court therefore lacks subject matter jurisdiction over Plaintiff's claims.

**C. Prosecutorial Immunity**

In addition to the lack of subject matter jurisdiction discussed above, any claims asserted against Phillip Talbert, the U.S. Attorney for the Eastern District of California, are subject to dismissal because Talbert is protected by absolute prosecutorial immunity. *See Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991). As the Supreme Court has held, a prosecutor is entitled to absolute immunity from suit concerning activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Here, Plaintiff appears to assert unspecified claims against Talbert based on his prosecution of Plaintiff for alleged tax fraud. (*See generally* Doc. No. 1). Because immunity from suit is a limitation on this court's jurisdiction, it is proper for the court to consider the issue *sua sponte*. *See United Investors Life Ins. Co*., 360 F.3d 960, 967 (9th Cir. 2004).

To the extent discernible, Plaintiff's claims against Talbert arise from his role in prosecuting Plaintiff and thus are actions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Thus, Talbert is absolutely immune from liability

---

[2] The Court infers that Plaintiff is referring to House Joint Resolution 192, which suspended the gold standard in 1933. *See DeLaRosa v. Agents for Int'l Monetary Fund*, 1995 WL 769345, at *3 (E.D. Cal. Oct. 16, 1995).

for those actions.

**D. Sovereign Immunity**

The court likewise lacks subject matter jurisdiction over Plaintiff's purported claims against the United States and the Internal Revenue Service because plaintiff has failed to demonstrate that the United States has waived its sovereign immunity for these claims. Since sovereign immunity is an important limitation on the court's subject matter jurisdiction, it is proper for the court to consider the issue *sua sponte*. *See United Investors Life Ins. Co.*, 360 F.3d at 967; *Vacek*, 447 F.3d at 1250. Further, the waiver of sovereign immunity is to be strictly construed in favor of the United States. *See Vacek*, 447 F.3d at 1250. Here, there is no indication that the United States has waived its immunity in favor of allowing plaintiff to bring this action. Therefore, for this additional reason, the court lacks subject matter jurisdiction over any claims against the United States or the Internal Revenue Service. *See Martin v. Scott*, 37 F. App'x 878, 879 (9th Cir. 2002) (affirming district court ruling that suit against Internal Revenue Service agents in their official capacities was barred by sovereign immunity).

**FINDINGS AND RECOMMENDATION**

As set forth above, Plaintiff's Complaint consists of meritless legal claims based on sovereign citizen ideology and not rooted in any cognizable legal theory. (*See* Doc. No. 1). The claims in the Complaint are absolutely meritless for the reasons stated above. Moreover, the Court lacks subject matter jurisdiction over Plaintiff's claims for multiple reasons: the Complaint does not allege facts establishing either diversity jurisdiction or federal question jurisdiction and his claims against each Defendant are barred by either prosecutorial or sovereign immunity. Because there is no federal jurisdiction for Plaintiff's cryptic and frivolous claims, the undersigned finds that any further amendment would be futile and recommends the district court dismiss the Complaint without further leave to amend. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge.

It is further **RECOMMENDED:**

The district court dismiss the Complaint without further leave to amend.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     November 21, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE